09-0649-ag
*Vartelas v. Holder*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

(Remanded On: March 28, 2012                                    Decided: August 6, 2012)

Docket No. 09-0649-ag

———————————————————

PANAGIS VARTELAS,

       *Petitioner,*

       v.

ERIC H. HOLDER, JR., United States Attorney General,

       *Respondent.*

———————————————————

Before: KEARSE, CABRANES, and LIVINGSTON, *Circuit Judges.*

Remand from the March 28, 2012 decision of the Supreme Court, which reversed and remanded our decision of September 9, 2010. Because the Supreme Court's decision implicitly requires us to conclude that Petitioner was prejudiced by his attorneys' failure to argue the issue of retroactivity, we remand to the Board of Immigration Appeals for a determination in the first instance as to the quality of his attorneys' performance.

Andrew K. Chow, Neil A. Weinrib & Assocs., New York, NY, *for Petitioner Panagis Vartelas.*

Keith I. McManus, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice Civil Division, Washington, DC, *for Respondent Eric H. Holder, Jr., United States Attorney General.*

PER CURIAM:

This case returns to us following the March 28, 2012 decision of the Supreme Court. *Vartelas v. Holder*, 132 S. Ct. 1479 (2012). For the reasons that follow, we remand the cause to the Board of Immigration Appeals for consideration in light of the Supreme Court decision.

## BACKGROUND

### A. Facts

Petitioner Panagis Vartelas ("Vartelas"), a native of Greece and permanent resident of the United States since 1989, pleaded guilty to a felony in 1994 and served a four-month prison sentence. At the time of Vartelas's guilty plea, lawful permanent residents were not regarded as making an "entry" when returning from "innocent, casual, and brief excursion[s] . . . outside this country's borders." *Rosenberg v. Fleuti*, 374 U.S. 449, 462 (1963) (internal quotation marks omitted). That is, an alien in Vartelas's situation could travel abroad for brief periods without jeopardizing his resident alien status.

In 1996, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), under which, effective April 1, 1997, lawful permanent residents returning from a trip abroad are regarded as seeking admission if they have "committed an offense identified in [8 U.S.C. § 1182(a)(2)]," 8 U.S.C. § 1101(a)(13)(C)(v), including "a crime involving moral turpitude . . . or conspiracy to commit such a crime," *id.* § 1182(a)(2)(A)(i)(I) (which would include the felony to which Vartelas had pleaded guilty).

In 2003, Vartelas briefly traveled to Greece to visit family members. Upon returning to the United States, he was treated as an inadmissible alien and placed in removal proceedings pursuant to the IIRIRA.

2

**B. Procedural History**

Following various appearances before an immigration judge ("IJ") in 2003, 2004, and early 2005, the IJ denied Vartelas's application for relief and ordered Vartelas removed to Greece. The Board of Immigration Appeals ("BIA") affirmed the order of removal in an opinion dated May 1, 2008.

In July 2008, represented by new counsel, Vartelas filed a motion before the BIA to reopen, alleging that the series of attorneys who represented him in the proceedings before the IJ had failed to provide him with effective assistance, and that he had been prejudiced by his attorneys' failure to pursue his defenses to removability, including their failure to challenge removability on the ground that the IIRIRA change should not be applied to him retroactively. The motion cited *In re Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988) (setting the standard for motions to reopen based on claims of ineffective assistance of counsel).

The BIA denied Vartelas's ineffective assistance claim in an opinion dated January 23, 2009, concluding that Vartelas did not meet the standard to prevail under then-controlling *In re Compean, Bangaly & J-E-C-*, 24 I. & N. Dec. 710 (A.G. Jan. 7, 2009) ("*Compean I*") (overruling *Lozada* in part), *vacated by In re Compean, Bangaly & J-E-C-*, 25 I. & N. Dec. 1 (A.G. June 3, 2009) ("*Compean II*") (restoring the *Lozada* standard). The BIA found that even if there were derelictions on the part of Vartelas's first attorney, Vartelas had failed to show that the attorney's performances had prejudiced his case. *See In re Panagis Vartelas*, 2009 WL 331200 (B.I.A. Jan. 23, 2009).

Vartelas appealed to our Court, arguing principally that the BIA, in considering his motion to reopen the removal proceeding, should have applied the standard articulated in *Lozada* rather than the standard under *Compean I*. By opinion dated September 9, 2010, we declined to "determine which of the standards of prejudice applies to an ineffective-assistance-of-counsel claim in removal proceedings"

3

because "[w]hatever the provenance of the right, an ineffective-assistance claim cannot be established without some showing of prejudice," and "Vartelas ha[d] failed to show prejudice under any standard." *Vartelas v. Holder*, 620 F.3d 108, 115 (2d Cir. 2010). As relevant here, we held that Vartelas was not prejudiced by his attorneys' failure to challenge removability on nonretroactivity grounds, since the IIRIRA could apply retroactively to treat Vartelas as seeking "admission" upon his return to the United States in 2003. *See id.* at 120.

On March 28, 2012, the Supreme Court reversed, holding that, "[g]uided by the deeply rooted presumption against retroactive legislation," the relevant provision of the IIRIRA—8 U.S.C. § 1101(a)(13)(C)(v)—"does not apply to Vartelas' conviction," and "[t]he impact of Vartelas' brief travel abroad on his permanent resident status is therefore determined not by IIRIRA, but by the legal regime in force at the time of his conviction." *Vartelas*, 132 S. Ct. at 1484. Accordingly, the case has been remanded to us for further proceedings consistent with the Supreme Court's opinion.

## DISCUSSION

Although the Supreme Court did not offer specific instructions on remand, its decision implicitly requires us to conclude that Vartelas was indeed prejudiced by his attorneys' failure to challenge removability on the ground that the IIRIRA change should not be applied to him retroactively. *See id.* (holding that § 1101(a)(13)(C)(v) does not apply to Vartelas's conviction).

In light of that conclusion, the question now presented is whether the performance of Vartelas's attorneys was deficient. With respect to Vartelas's first attorney, the BIA did not reach the issue of professional performance, because it found that Vartelas had failed to show prejudice. *In re Panagis Vartelas*, 2009 WL 331200 ("Even if Mr. Sarikas was derelict in his duty, the respondent has failed to show that his performance prejudiced [the] case."). With respect to Vartelas's second attorney, the BIA found

4

that his performance was not deficient—but did so based on the underlying assumption that the IIRIRA was retroactively applicable. *Id.*

Inasmuch as the absence of prejudice is no longer a viable basis on which to deny Vartelas's motion to reopen, we think it appropriate to remand to the BIA to consider the performance of Vartelas's attorneys in the first instance. In the interest of judicial economy, any future proceedings on appeal shall be assigned to this panel.

## CONCLUSION

For the foregoing reasons, the cause is **REMANDED** for consideration in light of the Supreme Court's decision.